INDEXED

No. 20115445 K

# FIFTEENTH JUDICIAL DISTRICT COURT

### LAFAYETTE PARISH, LA.

DIV. "K"

MARILYN GRASSO BUFFORD

VS.

JP MORGAN CHASE BANK NATIONAL ASSOCIATION, ETAL

No. 20115445 K

J. QUENTIN SIMON

**ATTORNEY FOR PLAINTIFF**

C20115445

**ATTORNEY FOR DEFENDANT**

Filed 09-16-11

## RULES FOR LOUISIANA DISTRICT COURTS

### TITLES I, II, III

### FIFTEENTH JUDICIAL DISTRICT COURT

### APPENDIX 3 – RULE NO 3.2 AND 9.3

### WITHDRAWAL OF SUIT RECORD

SCANNED
SEP 2 0 2011

I) Any attorney admitted to practice law in Louisiana and maintaining an office within Lafayette, Vermilion or Acadia Parish may withdraw a court record from Clerk of Court of the Parish where the attorney maintains his/her office of an open or closed civil case without an order of Court. Paralegals, secretaries, law clerks, investigators and other representatives may withdraw records on behalf of attorneys upon presentation of a written request by the attorney to the Clerk of Court. These representatives shall be subject to all rules treating the subject of withdrawal of records.

II) All other persons must secure a court order for withdrawal of a court record. A written receipt shall be given to the Clerk by the person withdrawing the record.

III) All withdrawn suit records shall be returned to the Clerk's office within five (5) days after withdrawal.

# J. QUENTIN SIMON, LTD.

### A PROFESSIONAL LAW CORPORATION



1408 West Pinhook Road
Suite A
Lafayette, Louisiana 70503

(Mailing Address)
Post Office Box 52851
Lafayette, Louisiana 70505

Telephone: (337) 235-3200
Facsimile: (337) 235-3600

September 14, 2011

Clerk of Court
Lafayette Parish
P.O. Box 2009
Lafayette, LA 70502-2009

DIV. "K"

Re: Marilyn Grasso Buford v. JPMorgan Chase Bank National Association, et al
15th Judicial District Court, Lafayette Parish, Louisiana
New Suit

2011-5445 K

Dear Clerk:

Enclosed herewith please find an original and three (3) copies of an Original Petition for Damages, along with a Request for Notice of Rendition of all Interlocutory Orders or Judgments regarding the above referenced matter. Please file, complete service upon Jackson & McPherson, LLC as requested and thereafter provide the undersigned with a conformed copy of same.

Also enclosed are Interrogatories and Requests for Production of Documents directed to Jackson & McPherson, LLC. Do not file these documents but <u>serve</u> with the petition upon Jackson & McPherson, LLC.

The Petition for JPMorgan Chase Bank National Association must be served through a private process server. Please prepare the Citation and provide the Citation, along with a certified copy of the petition for my retrieval.

Also enclosed please find a check in the sum of $250.00 for the costs associated with this request.

If you should have any questions, please do not hesitate to contact me.

With kind regards, I remain

Sincerely,

J. QUENTIN SIMON, LTD.

By: _____
J. Quentin Simon

JQS/rdl
Enclosure

| | | |
|---|---|---|
| **MARILYN GRASSO BUFORD** | * | **15TH JUDICIAL DISTRICT COURT** |
| | * | |
| **VERSUS** | * | |
| | * | **PARISH OF LAFAYETTE, LOUISIANA** |
| **JPMORGAN CHASE BANK** | * | |
| **NATIONAL ASSOCIATION AND** | * | |
| **JACKSON & MCPHERSON, LLC** | * | **DOCKET NO. 2011 5445 K** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DIV. "K"

## ORIGINAL PETITION FOR DAMAGES

COMES NOW, through undersigned counsel, Plaintiff, MARILYN GRASSO BUFFORD, a person of the full age of majority, domiciled in Lafayette Parish, who makes this action sounding in tort complaining of the following defendants for the intentional infliction of emotional distress, their negligence and violations of the Fair Debt Collection Practices Act and who represents as follows, to-wit:

1.

Made defendants herein are:

a. JPMORGAN CHASE BANK NATIONAL ASSOCIATION, a foreign corporation domiciled in Delaware County, Ohio authorized to do and doing business in the State of Louisiana who may be served by Private Process Server through its Chief Executive Officer and agent of service of process James Dimon at 1111 Polaris Parkway, Columbus, Ohio 43240; and,

b. JACKSON & MCPHERSON, LLC, a domestic limited liability company domiciled in Orleans Parish, who may be served through its registered agent for service of process Rader Jackson, 1010 Common Street, Suite 1800, New Orleans, Louisiana 70112.

2.

At all times material hereto, Marilyn Grasso Buford's mortgage for her home at 114 Kincaid Court, Lafayette, Louisiana was through JPMorgan Chase Bank National Association (hereinafter "Chase"), bearing Account No. XXXXXX5133.

3.

During the year of 2010, Ms. Buford fell behind on her mortgage payments. She was encouraged by Chase to apply for a loan modification.

4.

In February, 2011 when Ms. Buford went to make her payments for her mortgage, her payments were refused because the approval for the loan modification was pending.

5.

On or about March 10, 2010, Ms. Buford received correspondence from defendant, Jackson & McPherson, LLC, Chase's agent for collections, for collection of the past amounts owed. The debt was disputed by Ms. Buford who was still in the process, or so she thought, of modifying her

loan with Chase. The correspondence also invited contact with Jackson & McPherson, LLC, should Ms. Buford desire a specific future payoff date.

6.

On or about May 18, 2011, Ms. Buford was advised that she did not qualify for the loan modification program, while at the same time, Chase, through Jackson & McPherson, LLC, had initiated foreclosure procedures.

7.

Mid May, 2011, after the loan modification denial, Ms. Buford was in regular contact with Angelique Whittington of Jackson & McPherson, LLC coordinating the steps necessary to resolve her debt and select a specific future payoff date as she was invited to do in the previous correspondence. Ms. Whittington failed to advised Chase of these developments; however, the Chase debt collectors who were repeatedly calling her home, were advised of this and were requested to quit calling.

8.

At the end of May, 2011 a representative of Chase unexpectedly and unannounced, presented himself at Ms. Buford's property to assess her home. A flyer was left on Ms. Buford's door requesting Ms. Buford to call a number on the flyer. When she did, she again advised a Chase representative that she was making arrangements to pay off the debt and to please quit calling her home.

9.

On Sunday, June 26, 2011, when Ms. Buford came home from church, she again discovered that a Chase representative unexpectedly presented himself at her home to inspect the house.

10.

On June 27, 2011, very upset that Chase sent a second inspector to her home, on a Sunday no less, after working with Jackson & McPherson, LLC for a payoff date, Ms. Buford again informed a representative of Chase that she was working with Jackson & McPherson, LLC and arranging to wire transfer the entire amount owed on June 30, 2011, and to please quit calling. In response, the representative of Chase attempted to encourage Ms. Buford to apply for yet another type loan modification, all the while knowing Ms. Buford was in the hospital about to undergo medical treatment.

11.

On June 30, 2011, Ms. Buford wired the funds to bring her mortgage current to Jackson & McPherson, LLC, who had initiated the foreclosure proceedings. The funds were thereafter received by Chase on July 1, 2011.

12.

Receipt of the funds notwithstanding, on July 6, 2011, Chase again sent a third unannounced representative to inspect Ms. Buford's home.

13.

Thereafter, Chase continued to call Ms. Buford who, repeatedly informed the Chase telephone debt collectors of her attorney's name and phone number and again requested that the phone calls cease.

14.

On or about July 11, 2011, in response to the continuous harassing phone calls from Chase, undersigned counsel placed a call to Jackson & McPherson, LLC and spoke to Mr. Bill Guess, who had been in communication with Ms. Buford relative to her payment of her debt and who advised that he would communicate with Jackson & McPherson, LLC's client, JPMorgan Chase Bank, and would advise Chase of undersigned counsels involvement and to cease in the direct communications with Ms. Buford. This never happened.

15.

After the payment to Chase the frequency of the phone harassment increased as follows:

| 7/16/11 | 7/27/11 | 7/28/11 | 7/29/11 | 7/30/11 | 8/1/11 | 8/2/11 |
|---------|---------|---------|---------|---------|--------|--------|
| 8:41 a.m. | 8:33 a.m. | 8:53 a.m. | 10:09 a.m. | 10:09 a.m. | 8:11 a.m. | 10:15 a.m. |
| 12:47 p.m. | 9:40 a.m. | 9:45 a.m. | 11:57 a.m. | 11:57 a.m. | 2:00 p.m. | 12:49 p.m. |
| 2:02 p.m. | 2:39 p.m. | 11:19 a.m. | 3:40 p.m. | 3:40 p.m. | 7:28 p.m. | 12:50 p.m. |
| 3:11 p.m. | 2:41 p.m. | 4:12 p.m. | | 3:42 p.m. | | |
| | | 6:09 p.m. | | | | |

| 8/3/11 | 8/4/11 | 8/5/11 | 8/8/11 | 8/9/11 |
|--------|--------|--------|--------|--------|
| 9:49 a.m. | 8:32 a.m. | 10:02 a.m. | 8:10 a.m. | 9:48 a.m. |
| 1:06 p.m. | 12:32 p.m. | 12:27 p.m. | 9:53 a.m. | 1:49 p.m. |
| 1:07 p.m. | 6:45 p.m. | 12:28 p.m. | 9:54 a.m. | 4:37 p.m. |
| 5:17 p.m. | | 6:11 p.m. | 1:19 p.m. | 5:10 p.m. |
| 5:20 p.m. | | 6:13 p.m. | 2:06 p.m. | 5:12 p.m. |
| 5:21 p.m. | | | | |

16.

In addition to the outrageous number of phone calls placed to Ms. Buford's residence post-payment, some of which were back to back, Chase racheted up its outrageous tactics when on August

1, 2011 at 7:28 p.m., Paige, a Chase debt collector, advised that she would not record the attorney contact information Ms. Buford was attempting to provide to her, and that the calls would persist because Ms. Buford was assigned to the automatic redial harassment technique.

17.

The failure of Chase to cease in its telephonic contact when asked to quit calling since May of 2011; and the incessant calls initiated by Chase to Ms. Buford's residence after being advised of her attorney's involvement; the refusal to record the attorney contact information; the nature of the incessant calls whereby they were designed to perpetuate the ringing of her phone by back to back calls; and the unannounced presentation of a Chase representative at her home after her account was brought current, is not only extreme and outrageous intentional behavior, but also exists in violation of the Fair Debt Collection Practices Act, specifically 15 U.S.C.A. § 1692b(6), 15 U.S.C.A. § 1692c(a)(2) and 15 U.S.C.A. § 1692b(5).

18.

The cessation of the incessant phone calls finally occurred on or about August 10, 2011 when it was discovered by Chase, only after the threat of legal action, that it had improperly coded Ms. Buford's account as an account subject to collections.

19.

Chase and Jackson & McPherson, LLC are liable to Ms. Buford for their actions and omissions which consist of the following non-exclusive list of particulars:

a) Jackson & McPherson, LLC's failure to advise Chase of the specific payoff date Jackson & McPherson, LLC and Ms. Buford coordinated;

b) Jackson & McPherson, LLC's failure to notify Chase of the continuous post payment phone calls and the involvement of undersigned counsel;

c) The intentional and incessant pre-payment phone calls despite being advised not to call anymore;

d) The intentional and incessant post-payment phone calls after be advised not to call anymore;

e) The intentional and incessant post-payment phone calls after being advised of an attorney's involvement;

f) The intentional and incessant post-payment phone calls, back to back, on numerous occasions despite being advised not to call anymore and of being advised of undersigned

counsel's involvement;

g) Failure to properly code Ms. Buford's account to accurately reflect its proper good standing status, instead reflecting her account as one subject to the overbearing and extreme debt collection practices of Chase; and

h) The intentional and unannounced presentation of a third party, before payment and more egregiously after payment, upon the property of Ms. Buford.

20.

The actions, omissions and intentional acts of defendants, Chase and Jackson & McPherson, LLC have caused extreme emotional distress, anxiety and mental anguish to Ms. Buford.

WHEREFORE, Petitioner, MARILYN GRASSO BUFORD, prays that defendants, JPMORGAN CHASE BANK and JACKSON & MCPHERSON, LLC, answer this petition and after all legal delays and due proceedings had, this Court render judgment in favor of Petitioner condemning defendants to pay unto Petitioner all damages reasonable under the premises, plus all attorney's fees and damages allowed pursuant to the Fair Debt Collection Practices Act and costs associated with the prosecution of this litigation, together with legal interest from date of judicial demand until paid.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

Respectfully submitted,

J. QUENTIN SIMON, LTD.

By: _____
J. Quentin Simon (25502)
1408 West Pinhook Road – Suite A
Post Office Box 52851
Lafayette LA  70505
Telephone: (337)235-3200
Facsimile: (337)235-3600

**PLEASE SERVE:**

JPMORGAN CHASE BANK
by Private Process Server
through its agent for service of process
James Dimon
1111 Polaris Parkway
Columbus, Ohio 43240

JACKSON & MCPHERSON, LLC
through its agent for service of process
Rader Jackson
1010 Common Street, Suite 1800
New Orleans, Louisiana 70112



| | | |
|---|---|---|
| MARILYN GRASSO BUFORD | * | 15TH JUDICIAL DISTRICT COURT |
| VERSUS | * | |
| | * | PARISH OF LAFAYETTE, LOUISIANA |
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION AND JACKSON & MCPHERSON, LLC | * | DOCKET NO. 20115445 K |

*************************************************************************

## REQUEST FOR NOTICE OF RENDITION OF ALL INTERLOCUTORY ORDERS OR JUDGMENTS

TO: The Honorable Louis J. Perret
Clerk of Court
800 South Buchanan St.
P. O. Box 2009
Lafayette, Louisiana 70502

In accordance with La. Code Civ. P. Art. 1572, you are hereby requested to given written notice to Plaintiff, through the undersigned counsel, by Certified Mail properly stamped and addressed at least ten (10) days in advance of the date fixed for the trial or hearing of this matter whether on exceptions, motions, rules or the merits. You are also requested to furnish immediate notice of all orders or judgments, whether interlocutory or final, made or rendered in this case upon the rendition thereof as provided by La. Code Civ. P. arts. 1913, 1914, 1960 and 1572 including notice of judgment in the event this case is taken under advisement or if the judgment is not signed at the conclusion of the trial.

Lafayette, Louisiana, this 14 day of September, 2011.

Respectfully submitted,

J. QUENTIN SIMON, LTD.

By: _____
J. Quentin Simon (25502)
1408 West Pinhook Road – Suite A
Post Office Box 52851
Lafayette LA 70505
Telephone: (337) 235-3200
Facsimile: (337) 235-3600

# J. QUENTIN SIMON, LTD.

A PROFESSIONAL LAW CORPORATION



1408 West Pinhook Road
Suite A
Lafayette, Louisiana 70503

(Mailing Address)
Post Office Box 52851
Lafayette, Louisiana 70505

Telephone: (337) 235-3200
Facsimile: (337) 235-3600

September 20, 2011

Clerk of Court
Lafayette Parish
P.O. Box 2009
Lafayette, LA 70502-2009

    Re: Marilyn Grasso Buford v. JPMorgan Chase Bank National Association, et al
        15th Judicial District Court, Lafayette Parish, Louisiana
        New Suit

Dear Clerk:

    Enclosed herewith please find an original and three (3) copies of Plaintiff's First Supplemental and Amending Petition for Damages regarding the above referenced matter.

    Please file, prepare for service upon Jackson & McPherson, LLC as requested and thereafter provide the undersigned with a conformed copy of same.

    Additionally, please serve with the Original Petition for Damages directed to Jackson & McPherson, LLC which has not been served at this time.

    The Amended Petition for JPMorgan Chase Bank National Association must be served through a private process server. Please prepare the Citation and provide the Citation, along with a certified copy of the petition for my retrieval.

    Also enclosed please find a check in the sum of $250.00 for the costs associated with this request.

    If you should have any questions, please do not hesitate to contact me.

    With kind regards, I remain

                Sincerely,

                J. QUENTIN SIMON, LTD.

                By: _____
                      J. Quentin Simon

JQS/rdl

Enclosure

WALK-THRU

STAMPED COPY GIVEN

22837892

| | | |
|---|---|---|
| MARILYN GRASSO BUFORD | * | 15TH JUDICIAL DISTRICT COURT |
| | * | |
| VERSUS | * | |
| | * | PARISH OF LAFAYETTE, LOUISIANA |
| JPMORGAN CHASE BANK | * | |
| NATIONAL ASSOCIATION AND | * | |
| JACKSON & MCPHERSON, LLC | * | DOCKET NO. 2011-5445 |

*******************************************************************

## PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

COMES NOW, through undersigned counsel, Plaintiff, MARILYN GRASSO BUFORD, who for her First Supplemental and Amending Petition for Damages represents as follows:

1.

No Answer has been filed therefore leave of Court is not required.

2.

Plaintiff, MARILYN GRASSO BUFORD, reavers all allegations of fact contained in her original Petition for Damages as if copied herein in *ex tensio*.

3.

JPMORGAN CHASE BANK NATIONAL ASSOCIATION (hereinafter "CHASE") continues to inflict emotional distress upon MARILYN GRASSO BUFORD and continues to violate the Fair Debt Collection Practices Act with such harassment consisting of written correspondence as recently as September 6, 2011, as well as a FedEx letter received September 9, 2011 advising MARILYN GRASSO BUFORD of the steps she must take to avoid forclosure.

4.

MARILYN GRASSO BUFORD's account has been current and in good standing since her payment of June 30, 2011; however, CHASE insists on this path of continuous extreme and outrageous harassment.

WHEREFORE, Petitioner, MARILYN GRASSO BUFORD, prays that Defendants, JPMORGAN CHASE BANK NATIONAL ASSOCIATION, be cited and served with a copy of the First Supplemental and Amending Petition for Damages and after all due delays there be judgment in favor of Petitioner, MARILYN GRASSO BUFORD, in an amount reasonable in the premises for all general and special damages sustained and all penalties allowed pursuant to 15 U.S.C.A. § 1692, and all costs of these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

                                Respectfully Submitted,

                                J. QUENTIN SIMON, LTD.

By: _____
                                J. Quentin Simon (25502)
                                1408 West Pinhook Road
                                Post Office Box 52851
                                Lafayette, Louisiana 70505
                                Telephone: (337)235-3200
                                Facsimile: (337)235-3600

**PLEASE SERVE:**

JPMORGAN CHASE BANK
by Private Process Server
through its agent for service of process
James Dimon
1111 Polaris Parkway
Columbus, Ohio 43240

JACKSON & MCPHERSON, LLC
through its agent for service of process
Rader Jackson
1010 Common Street, Suite 1800
New Orleans, Louisiana 70112

D22917389
cc_krdelasbour

Ordered by Atty.: J. QUENTIN SIMON

# CITATION
### (LONG ARM STATUTE)

| | |
|---|---|
| MARILYN GRASSO BUFFORD | Fifteenth Judicial District Court |
| VS | Docket Number: C-20115445 K |
| JPMORGAN CHASE BANK NATIONAL ASSOCIATION, ET AL | Parish of Lafayette, Louisiana |

STATE OF LOUISIANA

TO:    JPMORGAN CHASE BANK
        BY PRIVATE PROCESS SERVER
        THROUGH ITS AGENT FOR SERVICE OF PROCESS
        JAMES DIMON
        1111 POLARIS PARKWAY
        COLUMBUS, OH  43240

     You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). Alternatively, you should file an answer or other pleading to said petition in the office of the Clerk of the Fifteenth Judicial District Court, in the Lafayette Parish Courthouse, Lafayette, Louisiana, within thirty (30) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.
     Witness the Honorable Judges of said Court, this September 19, 2011.

                                                    Deputy Clerk of Court
                                                    Lafayette Parish

*Attached are the following documents:
CC OF ORIGINAL PETITION FOR DAMAGES AND PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES

D22925614
cc_krdelasbour

Ordered by Atty.: J. QUENTIN SIMON

# CITATION

**MARILYN GRASSO BUFFORD**             **Fifteenth Judicial District Court**

**VS**                                 **Docket Number: C-20115445 K**

**JPMORGAN CHASE BANK NATIONAL**       **Parish of Lafayette, Louisiana**
**ASSOCIATION, ET AL**

**STATE OF LOUISIANA**

TO:   JACKSON & MCPHERSON, LLC
      THROUGH ITS AGENT FOR SERVICE OF PROCESS
      RADER JACKSON
      1010 COMMON STREET, SUITE 1800
      NEW ORLEANS, LOUISIANA 70112

of the Parish of **ORLEANS**

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). Alternatively, you should file an answer or other pleading to said petition in the office of the Clerk of the Fifteenth Judicial District Court, in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof. Your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

Witness the Honorable Judges of said Court, this September 20, 2011.

_Krista Delasbour_
Deputy Clerk of Court
Lafayette Parish

*Attached are the following documents:
**CC OF ORIGINAL PETITION FOR DAMAGES AND PLAINTIFF'S FIRST SUPPLEMENTAL AND AMENDING PETITION FOR DAMAGES**

SHERIFF'S RETURN
Lafayette Parish Sheriff

Date Served: _____, 20_____ Time: _____
Served: _____
Personal ( ) _____
Domiciliary ( ) on _____
Unable to Locate     Moved ( )         No Such Address ( )
Other Reason: _____
Received Too Late For Service ( )
Service Of Within Papers
Costs Fee $_____ Mileage $_____ Total $_____
Deputy _____

22849681

## ROUTING SHEET

DOCKET NO. 2011 5445

ATTY. J. Quentin Simon

DATE PLEADING CLOCKED IN: 9-16-11

| Description | QTY | Description | QTY |
|---|---|---|---|
| Cert Copy Stamps | | Letter-General Return | |
| Cert Mail/Return Receipt | | Letter – Jury Order | |
| Citation | | Letter- Ntc of Signing of Jmt | |
| Citation-Notice of Jmt. | | Notice of Hearing | |
| Conformed Group | | Rule Nisi | |
| Copies/# of Pages | | Subpoena | |
| Fax Outgoing | | Sub DT | |
| JMT Recorded (Mtg) | | TRO | |
| JMT Recorded (Conv) | | TRO Recorded | |
| JMT Recorded (Both) | | Writ of: | |
| Letter – Address Request | | | |
| Letter – Cert of Divorce | | | |
| Letter – Comm of Ins | | | |

Processed By: KD                                 Charged By: AB

OK

Reverse charges for Interrogs First set & Req for Prod. First set. Per cover letter, atty does not want them filed. (9-19-11) KD

# ROUTING SHEET

DOCKET NO. 20115445

ATTY. J. Quentin Simon

DATE PLEADING CLOCKED IN: 9-20-11

| Description | QTY | Description | QTY |
|---|---|---|---|
| Cert Copy Stamps | | Letter-General Return | |
| Cert Mail/Return Receipt | | Letter – Jury Order | |
| Citation | | Letter- Ntc of Signing of Jmt | |
| Citation-Notice of Jmt. | | Notice of Hearing | |
| Conformed Group | | Rule Nisi | |
| Copies/# of Pages | | Subpoena | |
| Fax Outgoing | | Sub DT | |
| JMT Recorded (Mtg) | | TRO | |
| JMT Recorded (Conv) | | TRO Recorded | |
| JMT Recorded (Both) | | Writ of: | |
| Letter – Address Request | | | |
| Letter – Cert of Divorce | | | |
| Letter – Comm of Ins | | | |

Processed By: _____

Charged By: AB

OK

Reverse charges for 2 citations charged on 9-20-11. Pleading not scanned so was able to switch them out. (9-20-11)KD